UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ULTRATECH INTERNATIONAL, INC., and
AQUA-LEISURE INDUSTRIES, INC.,

    Plaintiffs and Counterclaim Defendants,

vs.                                          Case No.  3:05-cv-134-J-25MCR

SWIMWAYS CORPORATION,
    Defendant and Counterclaim Plaintiff.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Amend Complaint (Doc. 37) filed on January 23, 2008.  Defendant filed a response in opposition to the motion on February 9, 2009.  Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

On February 8, 2005, UltraTech International, Inc. ("UltraTech") and Aqua-Leisure Industries, Inc. ("Aqua-Leisure"), together ("Plaintiffs"), filed their initial Complaint alleging infringement of U.S. Patent No. 5,429,437 ("the '437 Patent") under 35 USC § 271.  (Doc. 1).  The '437 Patent entitled "Collapsible, Self-Expanding Liquid Container" was duly issued on July 4, 1995.  UltraTech claims ownership of the '437 Patent and alleges it gave Aqua-Leisure the exclusive right to make, use, offer for sale, and sell swimming pools embodying the invention of the '437 patent.  However, Plaintiffs claim Defendant has been benefitting from the invention of the '437 Patent, without authorization.

On September 23, 2005, following the service of Plaintiffs' Complaint, Defendant submitted a request for reexamination of the '437 Patent, based on prior art, to the U.S. Patent and Trademark Office ("USPTO"). Defendant's request was granted, and on October 20, 2005, this Court stayed all litigation proceedings, pending the USPTO's reexamination decision. (Doc. 17). Upon review, the USPTO initially rejected all claims as not being patentable over prior art. (Doc. 25). However, Plaintiffs challenged the USPTO's decision, and on June 24, 2008, the USPTO issued a Reexamination Certificate holding all claims patentable. (Doc. 38). Plaintiffs then filed an Unopposed Motion to Reopen the Case and Lift the Stay (Doc. 28), which the Court granted on December 18, 2008. (Doc. 36). In the instant Motion, Plaintiffs seek an order allowing them to amend their initial Complaint (Doc. 1) to add a claim for willful patent infringement. Plaintiffs allege the basis of the new claim is the fact that Defendant has continued to make, use, offer for sale, and sell swimming pools embodying the invention of the '437 Patent, despite its awareness of a high likelihood of infringement. (Doc. 37, p. 3). Plaintiffs also seek to add Greyland Trading Ltd. ("Greyland"), a licensee of the '437 Patent (together with Plaintiff Aqua-Leisure), as a party plaintiff. (Doc. 37, p. 3).

## II. ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." As the Supreme Court further explained in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

-2-

>     etc.– the leave sought should, as the rules require, be 'freely given.'

See also, Technical Resource Servs., Inc. v. Dornier Medical Sys., Inc., 134 F.3d 1458, 1463 (11th Cir. 1998).  In the instant case, Defendant argues Plaintiffs' proposed amendments are unduly delayed, prejudicial and futile.  The Court will consider each of Defendant's arguments.

A.    **Undue Delay**

Defendant argues Plaintiffs' proposed amendments are unduly delayed because Plaintiffs could have brought a claim for willful infringement when the initial Complaint was filed, yet, Plaintiffs chose not to raise this issue until almost four years later.  (Doc. 37, p. 4).  Similarly, Defendant argues Greyland should have been joined as a party at the start of the litigation because Plaintiffs knew of Greyland's trading partnership with Aqua-Leisure at that time, and Plaintiffs have offered no justification for joining a new party at this stage of the litigation.  (Doc. 37, p. 5).  Further, Defendant argues the USPTO's reexamination process does not excuse Plaintiffs' delay in seeking leave to amend because the reexamination was completed in June of 2008.  As such, Defendant contends, even if Plaintiffs did not plead willful infringement in the initial Complaint, they could have filed the instant Motion at least eight months ago.  (Doc. 37, p. 4).

Plaintiffs argue there has been no undue delay because at the time the initial Complaint was filed, they did not have a good faith basis upon which to assert a claim for willful infringement.  (Doc. 37 pp. 4-5).  Plaintiffs contend they now have sufficient grounds on which to bring a willful infringement claim due to Defendant's continued use of the '437 Patent throughout, and subsequent to, the reexamination proceeding.  (Doc.

37, p. 5). Furthermore, Plaintiffs argue their proposed amendments will not delay the litigation proceedings because Defendant has already conducted some discovery on the issue of willfulness and depositions have not yet been conducted. (Doc. 37, p. 4).

Rule 11 of the Federal Rules of Civil Procedure requires "a pleading be well-grounded in fact, legally tenable, and presented for a proper purpose." Inter-Tel, Inc. v. West Coast Aircraft Eng'g, Inc. No. 8:04CV2224 17MSS, 2007 WL 1068141, at *1 (M.D. Fla. April 4, 2007); See Wendy's Intern., Inc. v. Nu-Cape Const., Inc. 164 F.R.D. 694, 697 (M.D. Fla. 1996)(holding one purpose of Rule 11 sanctions is to deter the filing of claims which have no factual or legal basis). Therefore, a litigant needs to have made a reasonable inquiry, and obtained some good faith basis, before filing a claim or bringing a motion. See Fed. R. Civ. P. 11(b). In order to establish willful infringement, a plaintiff would need to prove the defendant acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent." In re Seagate Technology, LLC. 497 F.3d 1360, 1371 (Fed. Cir. 2007). As such, the issue of willfulness concerns the extent to which the "infringer disregarded the property rights of the patentee, the deliberateness of the tortious acts, [and] other manifestations of unethical or injurious commercial conduct . . . ." Al-Site Corp. v. VSI Intern., Inc., 144 F. Supp. 2d 1322, 1324 (S.D. Fla. 1999). Thus, proof of willful patent infringement requires, at a minimum, a showing of "objective recklessness." In re Seagate, 497 F.3d at 1371.

In this case, Plaintiffs allege they had no reason to believe Defendant even knew of the '437 Patent at the time the initial Complaint was filed and thus, they lacked a good faith basis upon which to claim willful infringement. (Doc. 38, pp. 4-5). The Court agrees. The Court finds before the Reexamination Certificate issued, allegations that

Defendant's actions were deliberate or reckless would not have provided sufficient factual or legal grounds because the validity of the '437 Patent remained questionable. However, once the USPTO had made its final decision, Defendant's continued use of the '437 Patent could reasonably be considered "objectively reckless."  Therefore, it is only since the USPTO's certification that Plaintiffs could in good faith consider bringing a claim of willful infringement.  Additionally, the Court finds although the Reexamination Certificate was issued almost eight months before Plaintiffs sought leave to amend, there has been no undue delay because this case was only reopened on December 18, 2008, approximately one month before the instant Motion was filed.  As such, the Court will not deny Plaintiffs' proposed addition of a claim for willful infringement on the grounds of undue delay.  However, with regard to Plaintiffs' proposed addition of Greyland as a party, the Court finds Plaintiffs have not provided justification for their delay in seeking this amendment.  Accordingly, the Court will deny Plaintiffs' proposed addition of Greyland as a party plaintiff.

**B.  Undue Prejudice**

Defendant argues the proposed amendments will result in significant prejudice because it has not conducted any meaningful discovery on the issue of willful infringement and there are only two months to go before discovery closes.  Also, Defendant points out that deposing Greyland, a foreign entity based in Hong Kong, in the time remaining for discovery will present additional complexities.  (Doc. 38, p. 6). Plaintiffs argue although there are only two months remaining for discovery, no depositions have been taken.  (Doc. 37, p. 4).  Therefore, Plaintiffs contend Defendant

will still have the opportunity to question Plaintiffs' representatives on the issue of willfulness, and any prejudice to Defendant would be minimal. (Doc. 37, p. 5).

The mere fact that Defendant would be required to conduct additional discovery is not enough to deny a motion to amend. See Butler v. Crosby, No. 3:04CV917-J-32MMH, 2006 WL 1071988, at *9 (M.D. Fla. Feb. 8, 2006) (citing A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000)). Nevertheless, in determining whether proposed amendments would be unduly prejudicial, the Court will consider the extent of discovery already conducted and the risk of extensive additional discovery if the amendments are allowed. See e.g. Perkins v. Spivey, 911 F. 2d 22, 34-35 (8th Cir. 1990); See also Dannebrog Rederi AS v. M/Y True Dream, 146 F. Supp. 2d 1307, 1315 (S.D. Fla. 2001) (recognizing amendment prejudicial if opposing party required to engage in extensive new preparation late in the litigation).

In this case, discovery closes on April 1, 2009. (Doc. 34). However, the parties indicate Defendant has already conducted some discovery on the issue of willfulness and depositions have yet to be scheduled. Accordingly, the Court finds Defendant still has the opportunity, if necessary, to conduct additional discovery with regard to a claim of willful infringement. Therefore, the Court will not deny Plaintiffs' addition of a willful infringement claim due to undue prejudice. As far as joining Greyland as a plaintiff is concerned, the Court believes at this stage in the proceedings, the addition of a new plaintiff who is located overseas is bound to complicate matters and unduly prejudice Defendant.

**C.      Futility**

Finally, Defendant argues the amendment should be denied because Plaintiffs' proposed claim for willful infringement is futile and subject to dismissal as a matter of law. (Doc. 38, p. 7). Defendant contends the Supreme Court's holding in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), established a heightened pleading standard, thus, paragraphs 12 through 19 of Plaintiffs' proposed Amended Complaint fail to properly allege a claim for willful infringement. (Doc. 38, p. 8). Plaintiffs contend they should be granted leave to amend because their proposed Amended Complaint would not "necessarily fail" and therefore, it is not futile. (Doc. 37, p. 6). Similarly, with regard to the addition of Greyland as a party, Plaintiffs argue the amendment should be allowed because the proposed Amended Complaint sets forth valid claims by Greyland based on its trading relationship with Aqua-Leisure. (Doc. 37, p. 7).

In order to deny Plaintiffs leave to amend on the basis of futility, the Court must make a legal determination that the Proposed Amended Complaint would "necessarily fail." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir. 1999). A proposed amendment will "necessarily fail" if "no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). In the instant case, Defendant argues Plaintiffs have failed to plead facts sufficient to establish a claim of willful infringement of the '437 Patent. (Doc. 38, p. 8). The Court disagrees. The Court does not find Twombly heightened the long established notice pleading requirement of Federal Rule of Civil Procedure 8(a). CBT Flint Partners, LLC v. Goodmail Sys., Inc., 529 F. Supp. 2d 1376, 1380 (N.D. Ga. 2007). Therefore, Plaintiffs' Amended Complaint

need only provide Defendant with fair notice of their willful infringement claim and the basis for it. Id. at 1378. To prove willful infringement a plaintiff must establish: 1) the existence of an objectively high risk the defendant's actions constituted an infringement of a valid patent and 2) the risk was known by the defendant or was so obvious it should have been known by the defendant. See In re Seagate, 497 F.3d at 1371. Based on a review of Plaintiffs' Proposed Amended Complaint, the Court finds it provides Defendant with adequate notice of the new claim and the grounds on which it rests. While the undersigned makes no findings about the ultimate viability of Plaintiffs' new claim, the Court cannot conclude Plaintiffs' claim for willful infringement is insufficient as a matter of law. Therefore, the Court will not deny the proposed amendment on the basis of futility. As for the addition of Greyland as a party plaintiff, the Court cannot conclude that the addition of Greyland would be futile, however, for the reasons previously stated, this proposed amendment will be denied.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiffs' Motion to Amend Complaint (Doc. 37) is **GRANTED in part and DENIED in part.**

2. Plaintiffs shall revise the proposed Amended Complaint to eliminate Greyland Trading Ltd. as a party plaintiff.

3. Plaintiffs shall file a revised Amended Complaint with the Clerk in accordance with all applicable local rules no later than **Monday, March 9, 2009**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of March, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record